```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
```

RITA ANN CORNS,                )
                               )
    Plaintiff,             ) Civil Action No. 10-cv-415-JMH
                               )
v.                             )
                               ) **MEMORANDUM OPINION AND ORDER**
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security,                      )
                               )
    Defendant.             )

                    **    **    **    **    **

This Court granted Defendant's Motion for Judgment and Remand this action to the Commissioner of Social Security for further administrative proceedings on May 25, 2011. [Record No. 14, 15]. Plaintiff's attorney has now filed a Motion for Attorney Fees [Record No. 16] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as the prevailing party. The United States has filed a Response [Record No. 17].[1] This motion is now ripe for decision.

This Court has previously held in a number of decisions, however, that where an attorney does not demonstrate that the claimant he or she represents is contractually obligated to pay attorney fees for legal services performed as a result of a remand for further administrative proceedings, neither she nor her

---

[1] Defendant does not object to the request for attorney fees. [Record No. 17, p. 3 n.1]. Rather, Defendant argues that the Court should deny Plaintiff's request that attorney fees be awarded directly to Plaintiff's counsel. *See generally id.* As this Court shall not award attorney fees under the EAJA, however, Defendant's argument shall not be addressed here.

attorney may seek an award for legal services under the EAJA. *See generally Turner v. Astrue,* 764 F. Supp. 2d 864 (E.D. Ky. 2010); *see also Tracy v. Astrue*, No. 09-cv-59-JMH, 2011 U.S. Dist. LEXIS 40915 (E.D. Ky. Apr. 14, 2011); *Dauwe v. Astrue*, 10-cv-83-ART, 2011 U.S. Dist. LEXIS 13407 (E.D. Ky. Feb. 8, 2011); *Hodge v. Astrue*, No. 5:09-cv-416-DCR, 2010 U.S. Dist. LEXIS 110706 (E.D. Ky. Oct. 18, 2010); *Wethington v. Astrue*, No: 5:09-cv-284-ART, 2010 U.S. Dist. LEXIS 96317 (E.D. Ky. Sept. 14, 2010).

In the present case, Plaintiff's counsel has not demonstrated that Plaintiff is contractually obligated to pay the attorney fees sought through the present motion. Counsel has instead filed an itemization of the amount of time involved in litigating Plaintiff's appeal and justifications for the requested hourly rate. [Record No. 16, p. 7]. This document does not constitute a contractual obligation to pay attorney fees. Therefore, the Court concludes that such fees have not been "incurred" under the EAJA. *See generally Turner v. Astrue*, 764 F. Supp. 2d 864 (E.D. Ky. 2010).

Plaintiff's argument that this Court should award attorney fees under the EAJA regardless of whether she receives a benefit as a result of her remand is misplaced. Plaintiff correctly argues that obtaining a sentence-four remand results in prevailing party status as the plaintiff has succeeded on a significant issue in litigation "which achieved some of the benefit . . . sought in

2

bringing suit." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also Turner v. Astrue*, No. 08-391, 2010 U.S. Dist. LEXIS 116238, at *3 (E.D. Ky. Nov. 1, 2010) (citation omitted) ("This court recognized that remanding [Plaintiff's] case to the Commissioner under sentence four made [Plaintiff] a prevailing party."). To obtain benefits under the EAJA, however, a plaintiff must incur attorney fees in addition to being a "prevailing party." 28 U.S.C. § 2412. As Plaintiff has not shown a contractual obligation to pay attorney fees to counsel for a successful remand, this Court holds that Plaintiff, while being a "prevailing party," has yet to show that she has incurred attorney fees.

Furthermore, the Fifth Circuit's ruling vacating *Murkeldove v. Astrue*, 635 F. Supp. 2d 564 (N.D. Tex. 2009) *vacated by Murkeldove v. Astrue*, 635 F.3d 784 (5th Cir. 2011), and the pending appeal of *Turner v. Astrue*, 764 F. Supp. 2d 864, *appeal docketed*, No. 11-5012 (Jan. 5, 2011), has no impact on this Court's decision. In *Turner v. Astrue*, the Eastern District of Kentucky Court "agreed with the result reached in *Murkeldove* and with much of the Texas [district] court's reasoning" in denying attorney fees under the EAJA since no fees were incurred in obtaining a sentence four remand. 764 F. Supp. 2d 864, 871 (E.D. Ky. 2010). Plaintiff argues since the Fifth Circuit vacated the Northern District of Texas's decision in *Murkeldove*, this indicates the reasoning applied in *Turner* regarding when a plaintiff incurs fees was equally erroneous.

3

*Murkeldove*, 635 F.3d 784; *Turner,* 764 F. Supp. 2d 864.  Plaintiff also requests the Court hold this motion in abeyance pending the appeal of *Turner* to the Sixth Circuit Court of Appeals. *Turner,* 764 F. Supp. 2d 864, *appeal docketed*, No. 11-5012 (Jan. 5, 2011).  The Court, however, is not bound by the ruling from the Fifth Circuit Court of Appeals nor does it base its ruling on either *Murkeldove* or, for that matter, *Turner*.  Rather, this Court is ruling "in accordance with [its] own view of the applicable law" and shall dismiss Plaintiff's Motion for Fees Under the EAJA.  *See Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952) (denying a Rule 60(b)(5) motion when a district court faced with an issue on which there was a circuit court conflict entered a judgment without reference to either of the circuit courts but similar to one circuit court's view of the law which was later reversed by the Supreme Court).

Accordingly, it is hereby **ORDERED** that the application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, [Record No. 16] is **DENIED WITHOUT PREJUDICE**.

This, the 16th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4